IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MP NEXLEVEL, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CODALE ELECTRIC SUPPLY, INC., a Utah corporation, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-727-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. 636(b)(1)(A).[1] Before the court is Codale Electric Supply, Inc.'s ("Codale") motion for Rule 37(d) sanctions against MP NexLevel, LLC ("MP NexLevel") for failure to produce a witness pursuant to Rule 30(b)(6).[2] *See* Fed. R. Civ. P. 30(b)(6), 37(d). The Court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On March 14, 2008, MP NexLevel filed a complaint seeking damages and/or equitable relief against Codale.[3] MP NexLevel alleges that Codale supplied a defective fiber optic cable

---

[1] *See* docket no. 104.
[2] *See* docket no. 128.
[3] *See* docket no. 1.

and thereby incurred extra costs to MP NexLevel in the form of installation, splicing, and engineering of replacement cable.[4]  MP NexLevel is suing Codale for fraud, negligent misrepresentation, and unjust enrichment.[5]  Codale requested a deposition of MP NexLevel pursuant to Rule 30(b)(6).[6]  Codale gave MP NexLevel notice of its intent to depose MP NexLevel on "[t]he amounts and calculations for all damages that MP [NexLevel] is seeking from Codale in this lawsuit, and the documentation and other evidence alleged or relied upon by MP [NexLevel] to support such amounts and calculations."[7]  MP NexLevel identified Rob Pribyl as its Rule 30(b)(6) corporate witness on the topic of damages.[8]  On November 29 and 30, 2011, MP NexLevel produced Mr. Pribyl.  He was deposed on several topics, including the topic of damages.  Codale alleges that Mr. Pribyl was not prepared to answer questions on the topic of damages and was therefore "unable to provide any meaningful answers."[9]  Thereafter, Codale filed the instant motion for Rule 37(d) sanctions against MP NexLevel for failure to provide a prepared witness pursuant to Rule 30(b)(6).[10]

---

[4]  *See* docket no. 1.
[5]  *See* docket no. 1; docket no. 78 (In which the court dismissed some of MP NexLevel's claims against Codale, but did not dismiss MP NexLevel's claims of fraud, negligent misrepresentation, and unjust enrichment).
[6]  *See* docket no. 129, Ex. C.
[7]  *Id*. at Ex. A p. 2.
[8]  *See* docket no. 130, Ex. 1.
[9]  Docket no. 129 p. 16.
[10]  *See* docket no. 128.

## ANALYSIS

i.        **Failure to Produce a Rule 30(b)(6) Witness.**

Codale argues that MP NexLevel is liable for sanctions under Rule 37(d) because it failed to provide a Rule 30(b)(6) witness prepared to discuss the facts underlying its allegations of damages.

In general, "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). Furthermore, failure to produce a corporate witness after being given notice pursuant to Rule 30(b)(6) is grounds for court-ordered sanctions. *See* Fed R. Civ. P. 37(d). Under Rule 30(b)(6), an entity named as a witness and given proper notice of a deposition must designate one or more persons to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." *Id.* Because a witness who is unable to provide information known or reasonably known to the organization is an improper Rule 30(b)(6) witness, a corporation's failure to produce a prepared witness is "tantamount to a failure to appear at a deposition." *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (quotations and citations omitted); s*ee also* Fed R. Civ. P. 30(b)(6), 37(d).

MP NexLevel has failed to produce a corporate witness pursuant to Rule 30(b)(6) because its witness was not prepared to provide information that was "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Specifically, MP NexLevel's witness, Mr. Pribyl,

failed to provide information about facts related to MP NexLevel's allegations of damages. Mr. Pribyl stated that there were spreadsheets that he created with MP NexLevel's CFO that were the basis for MP NexLevel's alleged damages.[11] Mr. Pribyl also mentioned other documents that were relied on to calculate alleged damages.[12] However, Mr. Pribyl and MP NexLevel failed to bring these spreadsheets or other documents to the deposition,[13] despite being asked to provide such documentation in a Rule 30(b) notice of deposition.[14] As a result of his failure to bring these documents, Mr. Pribyl could not answer several questions regarding MP NexLevel's alleged damages.[15] Because he was not prepared with the documents relied on to make damages calculations, and was unable to answer questions about MP NexLevel's alleged damages, Mr. Pribyl was not a proper Rule 30(b)(6) witness for MP NexLevel. As a result, Codale was limited to getting only Mr. Pribyl's vague memory at the time—rather than what the entity knew, or what Mr. Pribyl would have known had Mr. Pribyl reviewed MP NexLevel's own records and disclosures.

MP NexLevel argues that its failure to provide a Rule 30(b)(6) witness prepared to discuss alleged damages was excusable because it had notified Codale of its intention to use an expert witness to address the topic of damages.[16] After the deposition of Mr. Pribyl, MP NexLevel produced an expert report which provided a detailed explanation of MP NexLevel's

---

[11] *See* docket no. 129, Ex. D 10:4-9.
[12] *See* docket no. 129, Ex. D 14:5-12.
[13] *See* docket no. 129, Ex. D 10:13-20 (did not produce spreadsheets used to calculate damages), 14:5-12 (did not produce documents upon which damages were based), 16:7-25 (did not produce document related to liquidated damages).
[14] *See* Docket no. 129, Ex. C, Ex. A p. 2.
[15] *See* docket no. 129, Ex. D 10:17-20, 13:21-14:12, 14:13-20, 15:8-13.
[16] *See* Docket no. 130 p. 12-13.

damages calculation.[17]  The report also identified documents and other evidence the expert relied upon to calculate MP NexLevel's damages.[18]

MP NexLevel has been forthcoming about its intent to use expert testimony;[19] however, failure to provide a prepared Rule 30(b)(6) witness is not excused by provision of an expert witness, because expert testimony is not a sufficient substitute for the testimony of a corporate representative.  *See* Fed R. Civ. P. 37(d)(2).  Corporate witnesses under Rule 30(b)(6) are representatives of the organization and are charged with testifying on behalf of the organization about facts known or reasonably known.  *See* Fed. R. Civ. P. 30(b)(6).  Conversely, expert witnesses are not are not called upon to testify as to facts known to an organization, but are instead called upon to offer *opinion* based on facts provided.  *See* Fed. R. Evid. 702; *Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579, 589-590 (1993).  Therefore, an expert witness is not suited to testify as to facts known to an organization and is not a substitute for the testimony of a Rule 30(b)(6) corporate representative.  *See* Fed. R. Civ. P. 30(b)(6); Fed. R. Evid. 702.

The insufficiency of MP NexLevel's expert is evident in this case.  The expert witness's report relies upon facts derived from discussions with and documents provided by Mr. Pribyl and other representatives of MP NexLevel.[20]  MP NexLevel provided a representative to its expert to discuss documents related to damages, but failed to provide Codale the same opportunity (to discuss damages with an MP NexLevel representative).[21]  Because Codale was unable to depose a representative about damages, Codale has been denied an adequate opportunity to understand

---

[17] *See* docket no. 130, Ex. 2.
[18] *See id.*
[19] Docket no. 130 p. 12-13.
[20] *See* docket no. 130, Ex. 2
[21] *See id.*; docket no. 129, Ex. D 10:17-20, 13:21-14:12, 14:13-20, 15:8-13.

the facts underlying MP NexLevel's claim.  Without that opportunity, Codale may be hindered in properly defending itself.  Therefore, Codale has been prejudiced.

Even if an expert witness could function as a substitute for a Rule 30(b)(6) corporate witness, providing an expert witness is not an available excuse for failure to provide a Rule 30(b)(6) witness, because a failure to produce a Rule 30(b)(6) corporate witness is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed R. Civ. P. 37(d)(2).  Here, MP NexLevel has not filed a motion for a protective order under Rule 26(c).  Therefore, MP NexLevel's objection to the line of questioning regarding damages, based on provision of an expert witness, is not an excuse for its failure to provide a prepared Rule 30(b)(6) witness.

Because MP NexLevel failed to provide a Rule 30(b)(6) witness prepared to discuss the facts underlying its allegations of damages, MP NexLevel is liable for sanctions under Rule 37(d).  Accordingly, Codale's motion for Rule 37(d) sanctions against MP NexLevel is granted, to the following extent.  Discovery will be reopened for the limited purpose of obtaining documents and testimony pertaining to the factual basis of MP NexLevel's alleged damages.  The costs of the deposition will be paid by MP NexLevel.  The costs of the deposition will not include any attorney fees, but will include transportation costs and the cost of providing transcription service at the deposition.

Although the court has granted Codale's motion as indicated above, Codale's request that MP NexLevel's expert testimony be limited to that provided by MP NexLevel's Rule 30(b)(6) witness is denied.  Codale has been given a detailed account of the factual evidence that went

into the expert's report regarding damages.[22]  Furthermore, this order will provide Codale an opportunity to depose a corporate representative to receive an explanation of the evidence used by MP NexLevel's expert to calculate damages.  Codale will have ample opportunity to understand the factual underpinnings of MP NexLevel's expert report; therefore, there is no reason to limit the expert's testimony at this time.  *See* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.").

      **ii.**      **Certification of Conferral**

Codale has conferred with MP NexLevel sufficient to permit court-ordered sanctions under Rule 37(d).  *See* Fed. R. Civ. P. 37(d)(1)(B) ("A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.").  Codale contacted MP NexLevel and requested relief in regards to MP NexLevel's failure under Rule 30(b)(6).[23]  MP NexLevel rejected Codale's request and did not propose any other solution or counter-offer.[24]  Codale then proceeded to file its motion for sanctions.[25]  After Codale filed its motion for sanctions, MP NexLevel attempted to negotiate a settlement and offered to provide Mr. Pribyl for additional testimony.[26]  However, MP NexLevel rejected Codale's resolution when first contacted about this issue, and proposed an alternative resolution

---

[22] *See* docket no. 130, Ex. 2.
[23] *See* docket no. 129, Ex. E p. 7.
[24] *See id.;* docket no. 130, Ex. 3.
[25] *See* docket no. 128.
[26] Docket no. 130, Ex. 4

only *after* facing the possibility of sanctions; therefore, MP NexLevel cannot argue that Codale has failed to confer with MP NexLevel in good faith prior to filing a motion for sanctions.

## ORDER

In summary, **IT IS HEREBY ORDERED** that Codale's motion for Rule 37(d) sanctions against MP NexLevel[27] is **GRANTED**.  Discovery will be reopened for the limited purpose of obtaining documents and testimony pertaining to the factual basis of MP NexLevel's alleged damages.  The costs of the deposition will be paid by MP NexLevel.  The costs of the deposition will not include any attorney fees, but will include transportation costs and the cost of providing transcription service at the deposition.  Codale's request that MP NexLevel's expert testimony be limited to that provided by MP NexLevel's Rule 30(b)(6) witness is **DENIED**.

    **IT IS SO ORDERED**.

    DATED this 20th day of June, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[27] *See* docket no. 128.